IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| RUBEN A. YBANEZ, <br> TDCJ # 01848466 <br><br> V. <br><br> DISCIPLINARY CAPTAIN KEVIN STIPE, CYNTHIA TILLEY, <br> B. BARNETT, and M. BLALOCK. | § § § § § § § § § | W-19-CV-277-ADA |

## ORDER

Before the Court are Plaintiff Ruben A. Ybanez's complaint filed pursuant to 42 U.S.C. § 1983 and his response to the Court's order for more definite statement (ECF Nos. 1, 8), and Defendant Disciplinary Captain Kevin Stipe, Cynthia, Tilley, B. Barnett, and M. Blalock's Motion to Dismiss (ECF No. 11). Plaintiff is proceeding pro se and *in forma pauperis*. Upon careful consideration, the Court grants Defendants' motion and dismisses Plaintiff's complaint with prejudice.

STATEMENT OF THE CASE

Plaintiff is currently incarcerated in the Boyd Unit at the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID). Plaintiff's offender report on the TDCJ-CID website lists six felonies, the most recent of which is a 2013 sentence for indecency with a child by contact, a violation of Texas Penal Code § 21.11. Plaintiff alleges that Defendants conspired to deny him his procedural due process rights in four separate disciplinary hearings and their appeals, resulting in a delay in Plaintiff's parole.

1

He seeks to have the disciplinary cases overturned, his good-time credits and time-earning class reinstated, $1,000 in damages from each defendant, and a declaratory judgment. (ECF No. 1.)

Plaintiff attached copies of the disciplinary actions to his complaint. On July 21, 2018, Plaintiff was charged with failing to obey an order. The correctional officer stated that he ordered Plaintiff to sit on a bench seat rather than lie on the floor in the respite area, and Plaintiff refused. The document shows that Plaintiff was notified of the hearing on July 23, 2018, although it shows "Declined to sign" in the offender notification signature block. Plaintiff's hearing was held on July 24, 2018; Plaintiff was found guilty and punished with the loss of 20 commissary and recreation days, and 20 good-time credits. Plaintiff filed a Step 1 appeal, alleging that the hearing violated several of TDCJ-CID's disciplinary rules and procedures, that his counsel substitute failed to adequately represent him, that his request to represent himself was wrongly denied, and that the correctional officer's order to sit on the bench was illegitimate because Plaintiff needed to lie down to relieve his hypertension. Plaintiff's Step 1 appeal was denied, as well as his Step 2 appeal. (*Id.* at 7-12.)

On August 26, 2018, Plaintiff was charged with failing to obey a Sergeant's order not to talk and to remain seated. Again, the form shows that Plaintiff declined to sign the offender notification signature block. At the August 30, 2018 hearing, Plaintiff was found guilty and punished with the loss of 30 days of telephone and commissary privileges, reduction from Class L2 to L3, and the loss of 30 days good-time credits. Plaintiff's Step 1 and Step 2 appeals were denied. (*Id.* at 13-25.)

On August 30, 2018, Plaintiff was again charged for failing to obey an order to stop talking and remain seated. Plaintiff was found guilty and punished with 7 days of cell restriction. His Step 1 and Step 2 appeals were denied. (*Id.* at 28-32.) Finally, on October 4, 2018, Plaintiff was charged with failing to obey an order to tuck his shirt in. Plaintiff was found guilty and punished with the loss of 30 days of commissary and telephone privileges and 30 days of cell restrictions. Again, his Step 1 and Step 2 appeals were denied. (*Id.* at 35-43.)

Defendants have moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) (dismissal for lack of subject matter jurisdiction) and 12(b)(6) (dismissal for failure to state a claim upon which relief can be granted). Defendants argue that Plaintiff's complaint should be dismissed for failure to state a claim because, inter alia, he does not have a liberty interest in parole. (ECF No. 11.) In response, Plaintiff argues that parole is a right created by a state statutory scheme, and thus he does have liberty interest in it. (ECF No. 14.)

## DISCUSSION AND ANALYSIS

A. <u>Eleventh Amendment Immunity</u>

Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state unless that state has waived its sovereign immunity or Congress has clearly abrogated it. *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). A suit against a state official in their official capacity is no different than a suit against the state itself. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994). A state's sovereign immunity under the Eleventh Amendment may not be

3

evaded by suing state agencies or state employees in their official capacity because such a claim is essentially against the state itself. *Id.* Accordingly, to the extent Plaintiff names Defendants in their official capacities, they are immune from suit under the Eleventh Amendment.

B.  Standard Under Fed. R. Civ. P. 12(b)(6)

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. FED. R. CIV. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.

In deciding a motion to dismiss under Rule 12(b)(6), a court will accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Raj v. La. State Univ.*, 714 F.3d 322, 329-30 (5th Cir. 2013). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 679. Further, a plaintiff's factual allegations must establish more than just the "sheer possibility" a defendant has acted unlawfully. *Id.*; *Twombly*, 550 U.S. at 555 (factual allegations must be enough to raise a right to relief above the speculative level) (citation omitted). Determining a complaint's plausibility is a "context-specific task," but if the factual allegations "do not permit the court to infer more than

the mere possibility of misconduct" the complaint has failed to meet the pleading standard under Rule 8(a)(2). *Iqbal*, 566 U.S. at 678.

C.   Procedural Due Process

Plaintiff alleges that Defendants violated his due process rights under the Fourteenth Amendment when they provided him with deficient process during his disciplinary hearings, and then punished him with, among other things, loss of good-time credits. To be entitled to the protections of the Fourteenth Amendment's Due Process Clause, Plaintiff must establish that he has been deprived of an interest in life, liberty or property. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Here, Plaintiff seeks the restoration of his good-time credits and time-earning classification so he can be eligible for early release on parole.

The Constitution does not expressly accord due process protection to good-time credits earned for good behavior while in prison. *See Wolff v. McDonell*, 418 U.S. 539, 557 (1974); *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007). However, a state statutory scheme may create a right to good-time credits, and when it does, a prisoner is entitled to the due process before those credits are revoked. *See Teague*, 482 F.3d at 774.

In Texas, a prisoner may be eligible for early release either through parole or mandatory supervised release. *See id.* Parole is "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve out the remainder of the inmate's sentence under the supervision of the pardons and

paroles division." *Id.* Because parole is within the "total and unfettered discretion of the State," there is no protected liberty interest in parole. *Id.*

Unlike parole, a prisoner does have a protected liberty interested in mandatory supervised release. *Id.* at 776. The mandatory supervision statute states that "[e]xcept as provided by Section 508.149, a parole panel *shall* order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time served plus any accrued good conduct time equal the term to which the inmate was sentenced." TEX. GOV'T CODE § 508.147(a) (West 2019) (emphasis added). Section 508.149 states, in relevant part, that "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of an offense under Section 21.11, Penal Code." TEX. GOV'T CODE § 508.149(a)(5). As previously noted, Plaintiff has been convicted of Indecency with a Child by Contact, a violation of § 21.11 of the Texas Penal Code. As such, Plaintiff is not eligible for mandatory supervised release.

Further, Plaintiff does not have a protected liberty interest in any of the other restrictions he received due to his disciplinary hearings: commissary or telephone privileges, cell restrictions, classification level, or even in the opportunity to earn good-time credits. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (punishment with 30 day loss of commissary privileges and cell restrictions were merely changes in conditions of confinement and does not implicate constitutional due process); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (prisoner does not have protected liberty interest in the opportunity to earn good-time credits); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (prisoners have not protectable liberty interest in custodial classification).

Accordingly, because Plaintiff has not alleged facts showing he has a liberty interest that would trigger the due process protections of the Fourteenth Amendment, he has failed to state a claim upon which relief can be granted. Defendant's motion is therefore granted.

CONCLUSION

It is therefore **ORDERED** that Defendants Motion to Dismiss (ECF No. 11) is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

It is further **ORDERED** that Plaintiff is warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and the final judgment to the keeper of the three-strikes list.

**SIGNED** on February 19, 2020

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE